Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ARMANDO GOMEZ SALGADO, JOSE
LUIS MANZANO ROMERO, and MARTIN
LEAL, *individually and on behalf of others*
*similarly situated,*

                            *Plaintiffs,*

                  -against-

EAST SIDE BAGEL CAFE, INC.  (D/B/A
EAST SIDE BAGEL), RATNAWATI LUBIS,
and HAIM HASSID,

                            *Defendants.*
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Armando Gomez Salgado, Jose Luis Manzano Romero, and Martin Leal,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against East Side Bagel Cafe, Inc. (d/b/a East Side Bagel), ("Defendant Corporation"), Ratnawati

Lubis and Haim Hassid, ("Individual Defendants"), (collectively, "Defendants"), allege as

follows:

<u>**NATURE OF ACTION**</u>

    1.    Plaintiffs are current employees of Defendants East Side Bagel Cafe, Inc. (d/b/a East

Side Bagel), Ratnawati Lubis, and Haim Hassid.

2.      Defendants own, operate, or control a bagel shop, located at 1496 1st Avenue, New York, NY 10075 under the name "East Side Bagel".

3.      Upon information and belief, individual Defendants Ratnawati Lubis and Haim Hassid, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the bagel shop as a joint or unified enterprise.

4.      Plaintiffs have been employees of Defendants.

5.      Plaintiffs have been employed as deli workers, counter attendants, a cook, and cashier at the bagel shop located at 1496 1st Avenue, New York, NY 10075.

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they have worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

9.      Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bagel shop located in this district.  Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES
*Plaintiffs*

15.    Plaintiff Armando Gomez Salgado ("Plaintiff Gomez" or "Mr. Gomez") is an adult individual residing in Queens County, New York.

16.     Plaintiff Gomez has been employed by Defendants at East Side Bagel from approximately February 2017 until the present date.

17.     Plaintiff Jose Luis Manzano Romero ("Plaintiff Manzano" or "Mr. Manzano") is an adult individual residing in Queens County, New York.

18.     Plaintiff Manzano has been employed by Defendants at East Side Bagels from approximately 1994 until the present date.

19.     Plaintiff Martin Leal ("Plaintiff Leal" or "Mr. Leal") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Leal has been employed by Defendants at East Side Bagels from approximately June 2013 until the present date.

*Defendants*

21.     At all relevant times, Defendants have owned, operated, or controlled a bagel shop, located at 1496 1st Avenue, New York, NY 10075 under the name "East Side Bagel".

22.     Upon information and belief, East Side Bagel Cafe, Inc. (d/b/a East Side Bagel) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1496 1st Avenue, New York, NY 10075.

23.     Defendant Ratnawati Lubis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ratnawati Lubis is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ratnawati Lubis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Haim Hassid is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Haim Hassid is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Haim Hassid possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants operate a bagel shop located in the Upper East Side section of Manhattan in New York City.

26.    Individual Defendants, Ratnawati Lubis and Haim Hassid, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendants, Ratnawati Lubis and Haim Hassid operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.    In each year from 2012 to the present, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the bagel shop on a daily basis are goods produced outside of the State of New York.

<em>Individual Plaintiffs</em>

35.    Plaintiffs are current employees of Defendants who have been employed as deli workers, counter attendants, a cook, and cashier.

36.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

<em>Plaintiff Armando Gomez Salgado</em>

37.    Plaintiff Gomez has been employed by Defendants from approximately February 2017 until the present date.

38.    Defendants have employed Plaintiff Gomez as a deli worker.

39.    Plaintiff Gomez has regularly handled goods in interstate commerce, such as foods and other supplies produced outside the State of New York.

40.    Plaintiff Gomez's work duties have required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Gomez has regularly worked in excess of 40 hours per week.

42.     From approximately February 2017 until on or about November 2017, Plaintiff Gomez worked as a deli worker from approximately 5:00 a.m. until on or about 3:00 p.m., Mondays, Tuesdays, Thursdays, Fridays, Saturdays, and Sundays (typically 60 hours per week).

43.     From approximately November 2017 until the present date, Plaintiff Gomez has worked from approximately 5:00 a.m. until on or about 2:00 p.m., Mondays, Tuesdays, Thursdays, Fridays, Saturdays, and Sundays (typically 54 hours per week).

44.     Throughout his entire employment, Defendants have paid Plaintiff Gomez his wages in cash.

45.     From approximately February 2017 until on or about November 2017, Defendants paid Plaintiff Gomez $11.00 per hour.

46.     From approximately November 2017 until the present date, Defendants have paid Plaintiff Gomez $11.50 per hour.

47.     Defendants have never granted Plaintiff Gomez any breaks or meal periods of any kind.

48.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Gomez regarding overtime and wages under the FLSA and NYLL.

49.     Defendants have never provided Plaintiff Gomez an accurate statement of wages, as required by NYLL 195(3).

50.     Defendants have never given any notice to Plaintiff Gomez, in English and in Spanish (Plaintiff Gomez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jose Luis Manzano Romero*

51.    Plaintiff Manzano has been employed by Defendants from approximately 1994 until the present date.

52.    Defendants have employed Plaintiff Manzano as a deli worker, counter attendant, and cashier.

53.    Plaintiff Manzano has regularly handled goods in interstate commerce, such as foods and other supplies produced outside the State of New York.

54.    Plaintiff Manzano's work duties have required neither discretion nor independent judgment.

55.    Throughout his employment with Defendants, Plaintiff Manzano has regularly worked in excess of 40 hours per week.

56.    From approximately January 2012 until the present date, Plaintiff Manzano has worked as a deli worker, counter attendant, and cashier from approximately 5:00 a.m. until on or about 1:00 p.m., four days a week and from approximately 5:00 a.m. until on or about 2:00 p.m., two days a week (typically 50 hours per week).

57.    Throughout his entire employment, Defendants have paid Plaintiff Manzano his wages in cash.

58.    From approximately January 2012 until on or about December 2013, Defendants paid Plaintiff Manzano $8.50 per hour.

59.    From approximately January 2014 until the present date, Defendants have paid Plaintiff Manzano $10.50 per hour.

60.    Defendants have never granted Plaintiff Manzano any breaks or meal periods of any kind.

61.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Manzano regarding overtime and wages under the FLSA and NYLL.

62.    Defendants have never provided Plaintiff Manzano an accurate statement of wages, as required by NYLL 195(3).

63.    Defendants have never given any notice to Plaintiff Manzano, in English and in Spanish (Plaintiff Manzano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64.    Defendants have required Plaintiff Manzano to purchase "tools of the trade" with his own funds—including 5 shirts per week.

*Plaintiff Martin Leal*

65.    Plaintiff Leal has been employed by Defendants from approximately June 2013 until the present date.

66.    Defendants have employed Plaintiff Leal as a cook and counter attendant.

67.    Plaintiff Leal has regularly handled goods in interstate commerce, such as foods and other supplies produced outside the State of New York.

68.    Plaintiff Leal's work duties have required neither discretion nor independent judgment.

69.    Throughout his employment with Defendants, Plaintiff Leal has regularly worked in excess of 40 hours per week.

70.    From approximately June 2013 until on or about December 31, 2017, Plaintiff Leal worked as a cook and counter attendant from approximately 5:00 a.m. until on or about 4:00 p.m., three days a week and from approximately 5:00 a.m. until on or about 5:00 p.m. to 6:00 p.m., three days a week (typically 69 to 72  hours per week).

71.     From approximately January 2018 until the present date, Plaintiff Leal has worked from approximately 5:00 a.m. until on or about 10:00 p.m., Mondays and from approximately 5:00 a.m. until on or about 6:00 p.m. to 7:00 p.m., five days a week (typically 82 to 87 hours per week).

72.     Throughout his entire employment, Defendants have paid Plaintiff Leal his wages in cash.

73.     From approximately June 2013 until the present date, Defendants have paid Plaintiff Leal $10.50 per hour.

74.     Plaintiff Leal's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

75.     For example, Defendants have required Plaintiff Leal to work an additional 1 to 2 hours past his scheduled departure time three days a week, and have not paid him any additional compensation for the extra time he has worked.

76.     Defendants have never granted Plaintiff Leal any breaks or meal periods of any kind.

77.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Leal regarding overtime and wages under the FLSA and NYLL.

78.     Defendants have never provided Plaintiff Leal an accurate statement of wages, as required by NYLL 195(3).

79.     Defendants have never given any notice to Plaintiff Leal, in English and in Spanish (Plaintiff Leal's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

80.     Defendants have required Plaintiff Leal to purchase "tools of the trade" with his own funds—including three aprons and two pairs of shoes.

*Defendants' General Employment Practices*

- 11 -

81.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

82.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked...

83.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

84.     Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

85.     Plaintiffs have been paid their wages in cash.

86.     Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

87.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

88.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

89.     Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated former workers.

90.     Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

91.     Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

92.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

93.      At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

94.      The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

95.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96.      At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

97.      At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

98.      Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

99.      In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate.

100.      Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiffs and the FLSA Class members have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

102.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiffs and the FLSA Class membershave been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

108.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

109.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

110.     Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE NEW YORK STATE LABOR LAW**

111.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

113.     Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

114.     Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

115.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.     Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours have exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

117.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours have exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

118.     Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    Defendants have failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

121.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

124.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

127.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(e)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective

collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(g)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order has been willful as to Plaintiffs;

(h)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(i)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(j)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(k)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(l)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(n)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed

pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 23, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

BY HAND

January 16, 2018

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Armando Gomez Salgado

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          16 de enero de 2018

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 16, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Jose Luis Manzano Romero

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                         16 de enero de 2018

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 16, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Martin Leal

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           16 de enero de 2018