# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                        Telephone: (212) 317-1200
New York, New York 10165                                            Facsimile: (212) 317-1620

November 9, 2018

**VIA ECF**

Hon. Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                                 **Re:**     *Gomez Salgago et al. v. East Side Bagel Café, Inc. et al.*
                                                       Case No. 18-cv-602-RJS

Your Honor:

       This office represents Plaintiffs Armando Gomez Salgado, Jose Luis Manzano Romero, and Martin Leal ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants East Side Bagel, Ratnawati Lubis, and Mohammed Kamal/Ahsan Ullah (the "Defendants," and together with Plaintiffs, the "Settling Parties").

       The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

       The Settling Parties represent to the Court that while the Plaintiffs believe that the settlement amount is less than what they would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

       Plaintiff Gomez was employed by Defendants as a deli worker at the bagel restaurant owned by Defendants, located at 1496 1st Avenue, New York, NY 10075.

       Plaintiff Gomez was employed by Defendants from approximately February 1, 2017 until January 15, 2018. From approximately February 2017 until on or about November 2017, Plaintiff Gomez worked as a deli worker approximately 60 hours per week. From approximately November 2017 until January 2018, Plaintiff Gomez worked approximately 54 hours per week. Throughout his employment with Defendants, Plaintiff Gomez was paid his wages by cash.

       From approximately February 2017 until on or about November 2017, Plaintiff Gomez alleges that Defendants paid him $11 per hour for all of his hours worked, and did not pay him his

Hon. Richard J. Sullivan
November 9, 2018
Page 2 of 6

lawful overtime rate of pay for his overtime hours worked. From approximately November 2017 until January 2018, Plaintiff Gomez alleges that Defendants paid him $11.50 per hour for all of his hours worked, and did not pay him his lawful overtime rate of pay for his overtime hours worked.

Plaintiff Manzano is employed by Defendants as a deli worker, counter attendant, and cashier at the bagel restaurant owned by Defendants, located at 1496 1st Avenue, New York, NY 10075.

Plaintiff Manzano has been employed by Defendants since approximately 1994. From approximately January 2012 until on or about February 2018, Plaintiff Manzano worked as a deli worker, counter attendant, and cashier approximately 50 hours per week. From approximately February 2018 until the present date, Plaintiff Manzano has worked as a deli worker, counter attendant, and cashier approximately 45 hours per week. Throughout his employment with Defendants, Plaintiff Manzano has been paid his wages by cash.

From approximately January 2012 until on or about December 2013, Defendants paid Plaintiff Manzano $8.50 per hour. From approximately January 2014 until on or about February 2018, Defendants paid paid Plaintiff Manzano $10.50 per hour. From approximately February 2018 until the present date, Defendants have paid Plaintiff Manzano $12 per hour for his regular hours and $18 per hour for his hours over 40. Until February 2018, Plaintiff Manzano alleges that Defendants did not pay him his lawful overtime rate of pay for his overtime hours worked.

Plaintiff Leal is employed by Defendants as a cook and counter attendant at the bagel restaurant owned by Defendants, located at 1496 1st Avenue, New York, NY 10075.

Plaintiff Leal has been employed by Defendants since approximately June 2013. From approximately June 2013 until on or about December 31, 2017, Plaintiff Leal worked as a cook and counter attendant approximately 70.5 hours per week. From approximately January 2018 until on or about February 2018, Plaintiff Leal worked approximately 84.5 hours per week. From approximately February 2018 until on or about March 2018, Plaintiff Leal worked approximately 61.5 hours per week. From approximately March 2018 until the present date, Plaintiff Leal has worked approximately 52 hours per week. Throughout his employment with Defendants, Plaintiff Manzano has been paid his wages by cash.

From approximately June 2013 until on or about February 2018, Defendants paid Plaintiff Leal $10.50 per hour. From approximately February 2018 until the present date, Defendants have paid Plaintiff Leal $12 per hour for his regular hours and $18 per hour for his hours over 40. Until February 2018, Plaintiff Manzano alleges that Defendants did not pay him his lawful overtime rate of pay for his overtime hours worked.

Plaintiffs Gomez, Manzano and Leal therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage

Hon. Richard J. Sullivan
November 9, 2018
Page 3 of 6

orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants' Answer denied all of Plaintiffs' allegations of unlawful practices and policies. Defendants also maintain that through objective evidence and witness testimony, they would be able to prevail on their defenses.

Nevertheless, the parties agreed on the settlement amount of $110,000 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $110,000.00 which will be paid as outlined in **Exhibit A**. Plaintiffs allege they are entitled to back wages of approximately $68,226.75. Plaintiffs estimate that had they recovered in full for their claims, they would be entitled to approximately $202,531.49, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $110,000, to be paid over a period of thirty-six months. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid to Plaintiffs' attorneys, who will be solely responsible for distributing the settlement amount to the Plaintiff directly after deductions of counsel fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The One Hundred Ten-Thousand Dollars

Hon. Richard J. Sullivan
November 9, 2018
Page 4 of 6

($110,000.00) that Plaintiffs will be receiving accounts for any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $36,666.67, one third of the settlement amount and slightly less than double their lodestar amount. This represents a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Jesse Barton is an associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of

Hon. Richard J. Sullivan
November 9, 2018
Page 5 of 6

Michael Faillace & Associates, P.C in January 2015, and was named a Rising Star by the Super Lawyers organization in 2016.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc:   Ken Maeng, Esq. (via ECF)
      Jian Hang, Esq.
      *Attorneys for Defendants*

Hon. Richard J. Sullivan
November 9, 2018
Page 6 of 6